# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| PATRICIA SIMONDS, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:21-cv-250 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| TIENDA PHILLIPS, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-274 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| NATHAN DAVENPORT, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-276 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| MELANIE DYER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-277 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| NATHAN DAVENPORT, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-278 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

JEREMY SILVERS, et al.                        )
                                               )
                    Plaintiff,                 )
                                               )
           v.                                  )     Civil Action No. 1:21-cv-280
                                               )
CHEROKEE COUNTY, et al,                        )
                                               )
                    Defendants.                )
                                               )
                                               )
_____       )

REGINA MANEY, et al.                           )
                                               )
                    Plaintiff,                 )
                                               )
           v.                                  )     Civil Action No. 1:21-cv-281
                                               )
CHEROKEE COUNTY, et al,                        )
                                               )
                    Defendants.                )
                                               )
                                               )
_____       )

DESIREE REILY, et al.                          )
                                               )
                    Plaintiff,                 )
                                               )
           v.                                  )     Civil Action No. 1:21-cv-282
                                               )
CHEROKEE COUNTY, et al,                        )
                                               )
                    Defendants.                )
                                               )
                                               )
_____       )

3

| | | |
|---|---|---|
| MARTHA KILLIAN, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-283 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| AMANDA TIMPSON, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-284 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| SARAH CRAPSE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-285 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

4

HANNAH ALLEN, et al.     )
)
     Plaintiff,     )
)
     v.     )     Civil Action No. 1:21-cv-286
)
CHEROKEE COUNTY, et al,     )
)
     Defendants.     )
)
)

---

TESSA DORSEY, et al.     )
)
     Plaintiff,     )
)
     v.     )     Civil Action No. 1:21-cv-287
)
CHEROKEE COUNTY, et al,     )
)
     Defendants.     )
)
)

---

LIBBY HELMS, et al.     )
)
     Plaintiff,     )
)
     v.     )     Civil Action No. 1:21-cv-288
)
CHEROKEE COUNTY, et al,     )
)
     Defendants.     )
)
)

---

| | | |
|---|---|---|
| SHALEES GREENLEE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-289 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| SAMANTHA TORRES, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-290 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| KELLY WALKER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-292 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| SHEENA DOCKERY, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-293 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| JESSICA FARQUHAR, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-294 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| CAINE BURNETTE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-295 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| STEPHEN DOWNEY, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-296 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| CHEYENNE SPICOLA, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-297 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**Motion for Consolidation and Appointment of Special Master for Purposes of Effecting Settlement**
**and Request for Status Conference with the Court and**
**for Hearing on Motions to Consolidate Actions and Appoint Special Master**

The parties move the Court pursuant to Fed. R. Civ. P. 42 for consolidation of

these actions for purposes of effectuating settlement of these cases and claims, and,

pursuant to Fed. R. Civ. P. 53 for the appointment of a special master to aid in

completing the settlement process. In support of this application to the Court for consolidation and appointment of a special master, the movants respectfully show to the Court:

## Statement of the Case and the Relevant Facts

Plaintiffs, including adult Plaintiffs and minor Plaintiffs, brought these actions pursuant to 42 U.S.C. § 1983 alleging that their constitutional rights were violated as a result of signing unlawful custody visitation agreements and substantially similar documents (collectively "CVAs"), as a result of Cherokee County Department of Social Services and various DSS employees coercing them to do so in violation of their procedural and substantive due process rights.

The first complaint asserting the claims was filed on July 21, 2020, in the North Carolina Superior Court, and an Amended Complaint was filed on August 24, 2020. Removal to this Court was effected on September 11, 2020.

In a Second Amended Complaint filed on October 6, 2020, numerous plaintiffs asserted claims against the defendants Cherokee County, Scott Lindsay, Cindy Palmer, Donna Crawford, and Lisa Davis.

On May 19, 2021, the Court granted the defendant's motion to sever the Plaintiff's claims for improper joinder pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure. The plaintiffs were directed to refile their claims as separate lawsuits or seek dismissal of their claims.

9

Following the timely refiling of the claims as the separate cases identified in the case captions above, the parties commenced informal settlement discussions, and ultimately agreed to commence a more formal settlement process. As a result, counsel agreed to the selection of an extremely well qualified third-party neutral mediator, retired North Carolina Superior Court Judge Anderson Cromer, to serve as a mediator in an effort to reach a global settlement.

After extensive mediation periods, the counsel for the parties reached a proposed settlement. Under the global settlement of the cases, the Defendants are obligated to pay a single sum of money $42,000,000.00 that would then be apportioned among the several Plaintiffs by means of proceedings before third party neutrals (*viz*., Special Master). The Honorable Anderson Cromer (N.C. Superior Court Judge, retired), who served as the neutral mediator and aided in reaching the settlement, is the neutral whom the parties seek to have approved and consented appointed by the Court to engage in the complexities of allocation and apportionment of the settlement proceeds.

In part, the settlement agreement reflects that counsel have reached a settlement in and of the 22 cases for all Plaintiffs in the following cases pending in the United States District Court for the Western District of North Carolina, case numbers 1:21-250, 274, 276-78, 280-290, 292-297 (all adult and minor Plaintiffs in these cases are collectively referred to as "All Plaintiffs") and Cherokee County,

Cherokee County Department of Social Services, Cindy Palmer in her official and individual capacity, Scott Lindsay in his official and individual capacity, Lisa Davis Stiles in her official and individual capacity, and Donna Crawford in her official and individual capacity ("Defendants"), all of these cases, referred to in the caption to this motion and collectively referred to in the settlement agreement as the as "Civil Actions," and denominated in this motion as "the Cherokee County DSS Cases."

Important terms of the settlement, which are summarized here, but which are fully and expressly set out in the proposed settlement agreement include the following:

a. The "insurer" for Cherokee County, referred to as the Liability and Property Pool and Cherokee County, on behalf of the Defendants, will pay the Plaintiffs a total payment of $42 million dollars for all Civil Actions as follows:

i. The Liability and Property Pool shall pay $ 17.5 million dollars within sixty days after Court approval of all settlements by or on behalf of all minors and all others requiring court approval.

ii. An additional $ 4 million dollars shall be paid by February 15, 2023, by or on behalf of Cherokee County.

iii. The remainder of the total payments, $ 20.5 million, shall be paid by Cherokee County in seven equal yearly installments starting July 15, 2024, and ending July 15, 2030. These payments shall be made payable as directed by Plaintiffs' counsel.

iv. Cherokee County specifically waives any right to limit or not make the appropriation of this agreement under N.C. Gen. Stat. § 159-13(b)(15) and will thus be bound by the agreement until fully satisfied. The County further shall be bound to monitoring by and subject to the

power and authority of the Local Government Commission in the enforcement of this agreement.

v. All Plaintiffs must accept the amount of total payment (global settlement amount) above in order for the settlement to be effective.

vi. The parties contemplate the appointment of a Special Master pursuant to Fed. R. Civ. P. 53 to receive the requisite data, information and evidence with respect to each Plaintiff's claims of damages and to allocate the proportionate share of the settlement proceeds after fees and costs as determined by Judge Anderson Cromer, the proposed Special Master, as referred to in the settlement agreement, called the *pro tanto* determination of his or her allocated share of the total payments as determined by a special master or neutral third party. The Parties agree that the Defendants are not responsible for the allocation of share of total payments, or any criteria used in allocating the share of total payments.

All requisite consent and acceptances have been obtained and counsel now seek the consolidation of these actions and the appointment of Anderson Cromer a qualified neutral, who through the course of the extensive mediation is well familiar with the issues, who is not disqualified under 28 U.S.C. §455, and who is capable of expeditiously handling the duties of serving as Special Master.

As an express condition of the settlement the United States District Court for the Western District of North Carolina's approval of all settlements by or on behalf of all minors and all others requiring court approval must be obtained and awarded in order for the payments to be made and the distribution effected.

Counsel have outlined a proposed procedure remaining for the presentation of the settlement to the Court, and the proposed timeline for presentation of the

proposed settlement to the Court. A chart reflecting that proposed procedure and timeline has been filed as a part of the status report filed with the Clerk on July 26, 2022.

Summarily, the procedure to be employed includes the filing of a motion to consolidate these actions, pursuant to Fed. R. Civ. P. 42, for purposes of settlement, and a motion pursuant to Fed. R. Civ. P. 53 for appointment of Retired North Carolina Superior Court Judge Anderson Cromer to serve as Special Master to perform the tedious, difficult, and complex allocation of the settlement proceeds, and a motion for the Court's consideration and approval of the settlement award to each minor.

In order to prepare for a proper presentation of the United States District Court to consider the approval of the settlement affecting minors or incompetents and to ensure the fairness of the settlement for them and to protect their interests, counsel for the plaintiffs engaged counsel experienced in the preparation of special needs or "benefits" trusts. Plaintiff's counsel have engaged the services of a law firm which is an experienced, competent, and capable firm to be engaged for these purposes. Of course, any individual engagement agreements and the resulting trust documents will need to be submitted to the Special Master and, ultimately, following intense factual scrutiny, analysis and distribution, having due regard to the duty to protect the best interests of the minor plaintiffs, to the Court for final determination.

13

Additionally, as a part of these motions under Rules 42 and 53, the parties are requesting a status conference and a hearing on the motion for consolidation and appointment of a special master to confer with the Court and answer any further questions the Court may have regarding the procedure and timeline.

Counsel for the plaintiffs are continuing to assist in the accumulation, marshaling, and assembly of completed documentation to be presented to the Special Master in order effect a full consideration of the complexity of these matters and to arrive at a proper determination.

In the interim, counsel have made arrangements for the Special Master's meetings or hearings to be conducted at the Clay County Courthouse, commencing September 6, 2022. These hearings are anticipated to be concluded by September 20, 2022, following which the Special Master's report, including the findings and proposed allocations will be prepared by the. Special Master with the assistance of counsel in completion of the drafting of the report, if needed.

As it relates to the report and any allocation for minors or incompetents and with regard to the proposed distribution, counsel anticipate the preparation and submission of a motion for a hearing on the approval of the Special Master's allocation and the approval of settlement distribution for and on behalf of minors and incompetents, including proposed documents for the creation of trusts for the minors and incompetents for administration of settlement funds.

Counsel for the parties have consented to the consolidation of these actions for the purpose of effecting settlement and the appointment of this Special Master and to the contemplated procedure.

### Further Grounds for the Motion

Rule 42 of the Federal Rules of Civil Procedure provides for consolidation, expressly providing that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for *hearing* or trial *any* or all *matters* at issue in the actions; (2) *consolidate* the actions; or (3) *issue any other orders* to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Under Rule 42(a) "through consolidation one or many or all of the phases of the several actions may be merged." *Hall v. Hall*, 584 U.S. ____, 138 S. Ct. 1118, 1130 (2018) (internal quotation and grammatical marks omitted). Here, the Plaintiffs seek consolidation solely for purposes of effecting settlement in order to dispose of these cases in the most efficient, least expensive, and expedient method which will provide fairness and justice to the litigants.

Rule 53 of the Federal Rules of Civil Procedure establishes a mechanism to expedite the settlement of these cases and to effect the settlement through appointment of a special master to effect the settlement. *See generally In re Joint Eastern and Southern Districts Asbestos Litigation*, 737 F. Supp. 735 (S.D.N.Y. 1990) (mediation and settlement in mass tort litigation is of vital importance; special

master properly appointed to conduct mediation between the parties and effect settlement distribution). The rule provides

> (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>
> > (A) perform duties consented to by the parties;
> >
> > (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> >
> > > (I) some exceptional condition; or
> > >
> > > (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> >
> > (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a).

In an effort to promote the fair and speedy resolution of the numerous claims made, Plaintiffs ask this Court to issue expeditiously an order appointing a "Special Settlement Master," pursuant to Rule 53(1)(A) of the Federal Rules of Civil Procedure, to create an opportunity for the parties to conclude their settlement agreement, to resolve the claims of  parties and to use the skills, abilities and authority to an independent neutral third party to receive the detailed evidence with respect to each claimant's damages, resolve those determinations, complete the complex calculations, report the findings to the Court and to facilitate settlement

16

among the claimants. Accordingly the parties seek an order which provides, among other things:

1.  <u>Authority for and Scope of the Appointment</u>.  The parties have consented and stipulate to the appoint of a Special Master as contemplated under Rule 53 and that retired Superior Court Judge Anderson Cromer should be appointed pursuant to Rule 53 as Master for the purpose of considering the matters presented by each party for determination of the distribution of settlement proceeds and giving effect to the parties settlement agreement. (A copy of which is annexed as an exhibit to this motion.)

    (1)  *No Known Grounds for Disqualification*.  Not only is retired Judge Cromer qualified to serve as Special Master, but also there are no non-disclosed grounds for disqualification under 28 U.S.C. §455 that would prevent retired Judge Cromer from serving as a Special Master in this matter. Similarly, not only is retired Chief District Court Judge Lisa Menefee (intended to serve as a Co-Master or assistant to the Master), qualified to serve as a Special Master or assistant to the Master, but also there are no non-disclosed grounds for disqualification under 28 U.S.C. §455 that would prevent retired Judge Menefee from serving in such capacity in this matter.

(2)    *Proposed Scope and Duties*.  The scope of the roles and duties of the Master should involve the matters set out in the settlement agreement and include at least the following:

a.    Directing, managing, and facilitating the presentation of matters affecting the allocation of the settlement payments or proceeds among the various plaintiffs.

b.    Managing and supervising activity in concluding the settlement as contemplated and as provided in the parties' settlement agreement.

c.    Hearing and considering the matters presented by or on behalf of the Plaintiff-claimants with regard to damages and (i) making findings and presenting to the Court the calculation of the amounts to be allocated as costs, including counsel's contingent fee, and the amount to be awarded each competent adult plaintiff as a final decision, and (ii) making recommendations to the Court with regard to the amounts to be allocated as costs, including counsel's contingent fee, and the amount to be awarded each minor or adult plaintiff who is not competent, with the Court making the final determination as to each minor settlement distribution and the distribution for each adult plaintiff who is not competent.

d.      Compiling and interpreting the voluminous or complex materials which must be reviewed in reaching these determinations.

e.      Supervising and implementing notice of the hearings regarding the claims and settlement distribution.

f.      Participating in a hearing regarding the fairness of the settlement distributions to the plaintiffs.

g.      Considering the method of distribution of settlement/damage payments to Plaintiffs.

h.      Performing such other duties consented to by the parties pursuant to Rule 53(a)(1)(a).

2.      <u>Master's Duties and Authority</u>. The Master must proceed with all reasonable diligence to complete the tasks assigned by the Court's order. Anderson Cromer shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform the assigned duties. The Master shall have all of the authority provided to masters set forth in Federal Rule 53 (c). The Master may by order impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

3.   <u>Ex Parte Communications</u>.  In light of the consent for the appointment of the Master and the agreement and acknowledgment that the defendants  have no interests or standing with respect to the distribution of the settlement proceeds, *ex parte* communications are consented to and objections with respect to such communications are waived, and may include, *inter alia*, the following communications:

a.   *With the Court*. The Master may have *ex parte* communications with the Court regarding*, e.g.*, (1) whether or not a particular dispute or motion is subject to the scope of the Master's duties; (2) assisting the Court with procedural matters, such as apprising the Court regarding logistics, the nature of the Master's activities, and management of the litigation; (3) any matter upon which the parties or their counsel consent or have consented; (4) the application of Rule 53; and (5) any matter, the subject of which is properly initiated by the Master or by Court. Accordingly, the scope of permissible *ex parte* communications with the Court shall be given its broadest interpretation.

b.   *With the Parties and Counsel*. The Master may have *ex parte* communications with the parties or counsel regarding, for example, (1) procedural or scheduling matters; (2) resolution of matters arising under or by virtue of the settlement agreement; (3) the presentation of

evidentiary matters with respect to claims, damages, and the allocation of settlement funds, and (4) any matter upon which the parties or their counsel have consented.

4.  <u>Materials to be Preserved and Filed as the Record of the Master's Activities</u>. The Master shall preserve and file with the Clerk all final reports with the determinations and allocations or proposed allocations to be made. The Master shall not be responsible for maintaining any other records of the Master's activities other than billing records.

5.  <u>Review of Master's Reports, Orders or Recommendations</u>. The Master's calculations and proposed distributions shall be submitted to the Court, initially under seal, and upon the Court's approval of and an order for distribution of the settlement proceeds to the plaintiffs, including the minors and the adults who are not competent, counsel will seek an order of the Court addressing what, if any, matters should be sealed.

6.  <u>Compensation</u>. The Master shall be paid $ 500.00 per hour for work done pursuant to this Order, and shall be reimbursed for all reasonable expenses incurred. The Master shall submit billing records for fees and disbursements, which shall be allocated as a part of the costs of the settlement of the case and paid proportionally from the settlement proceeds, with no Defendant incurring any obligation to pay for the Special Master's work. As to any particular

portion of the proceedings necessitated by the conduct of one party or group of parties, the Master can assess the costs of that portion of the proceedings to the responsible party or parties. The Court will determine at the conclusion of this litigation whether the amounts will be reallocated.

7. <u>Necessary Assistance</u>. The Master is authorized to engage as a co-Master retired North Carolina Chief District Court Judge Lisa Menefee, who is the wife of Judge Cromer, and who is independently and eminently qualified, to assist in completion of the matters referred to the Master by this Order. The reasonable fees shall not exceed the $500 per hour amount specified for the Master without regard to the co-Master's participation or, alternatively, if the Court does not appoint a Co-Master then the Master is authorized to retain such assistants as he may reasonably require, including retired North Carolina Chief District Court Judge Lisa Menefee, whose fees shall not exceed the hourly fee to be paid to the Master, all of which shall be paid by the parties in accord with the procedure set forth in Paragraph 6, above.

8. <u>Master's Affidavit</u>. The Master's Affidavit required by F.R.Civ.P. 53(b)(3)(A) has been executed and the affidavit of the co-Master or assistant to the Master has been executed and are being filed with the clerk as an attachment to this motion.

## Conclusion

Federal District Courts are charged with securing the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P., Rule 1. This is literally "Rule Number One." *Id*. The Federal Rules of Civil Procedure provide this Court not only with the inherent authority but a duty to take affirmative action to assist the parties in all reasonable settlement options, through direct intervention or the use of alternative dispute resolutions, including mediation or arbitration. *Compare,* Fed. R. Civ. P. Rules 1, 16(c)(1), (6), and (8). Similarly, for example, one of the well-recognized procedures for managing complex actions is the appointment of a Special Master to handle pretrial mediation and settlement negotiations. *See Manual for Complex Litigation* 4th ed. § 11.52 at 131; *see also* Rule 53, FRCP (granting the trial court authority, upon motion by a party or on its own motion, to refer some or all a cause of action to a Master or Special Referee). The appointment of a special settlement facilitator is a vital case-management tool in complex tort cases such as these.

Accordingly, for the reasons set out in this motion for consolidation and the appointment of a special master in these cases, the parties respectfully submit that consolidation of these actions for purposes of effectuating settlement of these cases

should be allowed, and that the appointment of a special master to aid in effecting settlement is warranted.

This the 9th day of August, 2022.

s/David A. Wijewickrama
David A. Wijewickrama
*Attorney for Plaintiff*

s/D. Brandon Christian
D. Brandon Christian
*Attorney for Plaintiff*

s/Melissa Jackson
Melissa Jackson
*Attorney for Plaintiff*

s/ Ron Moore
Ron Moore
*Attorney for Plaintiff*

BY CONSENT:

s/Patrick Flanagan
Patrick Flanagan
phf@cshlaw.com
*Attorney for Scott Lindsay in his individual capacity*

s/Mary Euler
Mary Euler
*Attorney for Cindy Palmer in her individual capacity*

s/Sean F. Perrin
Sean F. Perrin
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity and Cindy Palmer in her official capacity*

24